UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBRA WHITTEMORE,

        Plaintiff,

vs.                                             Case No.  3:09-cv-1242-J-25MCR

MICHAEL J. ASTRUE, U.S. Commissioner of
Social Security,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Consent Petition for Attorney Fees (Doc. 17) filed May 24, 2011.  Plaintiff's counsel certifies the Commissioner has no objection to the motion or to the amount of the requested fee.  (Doc. 17, p. 2).  This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits.  (Docs. 16).

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. <u>Prevailing Party</u>

The Judgment in this case (Doc. 25), filed on March 8, 2011, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993). Accordingly, Plaintiff is the prevailing party in this case.

2. <u>Timely Application</u>

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "Final Judgment" is defined as a judgment that "is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days. Fed. R. App. P. 4(a)(1)(B). The plaintiff then has thirty days in which to file his/her application so that an application is timely filed if done so prior to ninety days after the judgment is entered. See <u>Shalala</u>, 509 U.S. at 297-98, 113 S.Ct. at 2629; <u>Jackson v. Chater</u>, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996). Here, the Judgment was entered on February 24, 2011, and the Petition was filed on May 24, 2011. Accordingly, the Petition was timely filed.

3. Claimant's Net Worth

Plaintiff asserts that her net worth was less than $2 million at the time this proceeding was filed and the Commissioner does not contest. Accordingly, the Court finds this requirement satisfied.

4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

**B. Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $4,161.11 in attorneys' fees, representing 4.0 hours at an hourly rate of $172.24 for work performed in 2009, 17.6 hours at an hourly rate of $175.06 for work performed in 2010, and 2.2 hours at an hourly rate of $177.67 for work performed in

2011. (Doc. 17, pp. 1-2). Plaintiff also seeks $350.00 (the amount of the filing fee) in costs. Id.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate. The Commissioner does not oppose Plaintiff's proposed hourly rates. Accordingly, the Court will adopt these rates.

The Plaintiff seeks an award based on a total of 23.7 hours of attorney time. The Court believes 23.8 hours of attorney time is reasonable in this case. Therefore, the Court finds $4,161.11 is a reasonable fee in this case. Moreover, Plaintiff will be awarded $350.00 in costs.

## C. Payment of Fees

In recognition of the recent Supreme Court case of Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521 (2010), which implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney, Plaintiff does not request payment of the EAJA fees directly to his counsel. Instead, Plaintiff asserts that after the Court grants Plaintiff's request for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government. If Plaintiff does not owe any such debt, the Commissioner will accept Plaintiff's

Assignment of EAJA fees and will pay the fees directly to Plaintiff's counsel.  As such, the Court will leave to the parties the issue of to whom the fees shall be paid.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.　Plaintiff's Consent Petition for Attorney's Fees (Doc. 17) is **GRANTED**.

2.　The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,161.11 for attorney's fees and $350.00 costs for a total award of $4,511.11.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  31st  day of May, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party